IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FIEDLING VAUGHN KIMERY,                                                                PLAINTIFF
ADC # 133741

v.                                              4:24CV00283-JM-JTK

DEXTER PAYNE, et al.                                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

**I.   INTRODUCTION**

Fielding Vaughn Kimery ("Plaintiff") is in custody at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2).

Although Plaintiff seeks in forma pauperis status pursuant to 28 U.S.C. § 1915(a), Plaintiff's IFP Motion (Doc. No. 1) should be denied because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out below, has not established that he is in imminent danger of serious physical injury.

**II.	SCREENING**

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a).[1] Additionally, the PLRA, 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim on which relief may be granted.[2]  The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff sued ADC Director Dexter Payne, Chief Deputy Director Marshal Dale Reed, Varner Supermax Warden James G. Gibson, and Deputy Warden Brandon Carroll.  (Doc. No. 2). In his 297-page Complaint, Plaintiff alleges that there is a "chain conspiracy" against him.  (Id. at 8, 11, 58, 227, among others).  He claims that security stole his ink pen out of his cell when he was at shower call, that his inmate file has been falsified, and that he is being refused legal mail, among other claims.  (Id. at 8-10).  Many pages of Plaintiff's Complaint were filed in an earlier case in this court that was dismissed because Plaintiff failed to establish imminent danger; the pages bear the court's stamp reflecting case number 4:23-cv-00803-JM.  (Id. at 9-41, 235-285,

---

[2] Kimery v. Payne, at al., 4:21-cv-00071-BRW (E.D. Ark.) (dismissed March 26, 2021 for failure to state a claim) (appeal dismissed June 11, 2021 for failure to prosecute); Kimery v. Harris, et al., 4:21-cv-00156-BRW (E.D. Ark.) (dismissed June 2, 2021 for failure to state a claim), summarily aff'd, No. 21-2278 (8th Cir. Aug. 6, 2021); and Kimery v. Payne, et al., 4:21-cv-00209-KGB (E.D. Ark.) (dismissed Feb. 14, 2022 for failure to state a claim), summarily aff'd, No. 22-2301 (8th Cir. Oct. 6, 2022).

for example). Attached to Plaintiff's Complaint are numerous grievances and other documents. For example, Plaintiff included a 2023 grievance in which he complained about constipation and lack of treatment for his Hep C. (Id. at 44). Plaintiff believes other prisoner's blood results are being presented by medical, and that his medical documentation is being falsified. (Id. at 45). Plaintiff also claims that in 2020 and 2021he was denied additional fiber in his meals. (Doc. No. 2 at 54, 70). Plaintiff also makes allegations about his meals in 2024, including that the meals are full of bodily fluids or otherwise fouled, and that the ADC is using falsified video and audio to cover up wrongdoing. (Id. at 68-69, 88, 290, 295). And Plaintiff also alleges he has received false disciplinaries, the ADC failed to investigate his allegations, and irregularities in the grievance process, among other claims.

Even liberally construing Plaintiff's Complaint, Plaintiff's allegations do not support a finding of "ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin, 319 F.3d at 1050. Many of the allegations Plaintiff raised were far in the past; many others were fanciful. Denton v. Hernandez, 504 U.S. 25, 32 (1992). As such, Plaintiff's Complaint should be dismissed without prejudice pending payment of the $405.00 filing and administrative fee.

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's IFP Motion (Doc. No. 1) be DENIED.

2. Plaintiff's Complaint be DISMISSED without prejudice.

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within

fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

    4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 1st day of April, 2024.

                                            _____
                                            JEROME T. KEARNEY
                                            UNITED STATES MAGISTRATE JUDGE